*Western District.*
*September, 1830.*

HAGAN & AL.
*vs.*
BRENT.

table to the plaintiff for it, unless this presumption is destroyed by contrary proof.

---

### *DUGAT vs. MARKHAM & AL.*

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT, THE JUDGE OF THE SIXTH PRESIDING.

In all cases when the husband and wife are not separated from *bed and board*, in law, the domicil of the wife is to be considered as that of her husband, and service of citation is good as to the wife, when left at the domicil of the husband, although she resides in a different Parish, when they are sued jointly.

Where no answer has been filed, a judgment by default must be taken before any final judgment can be rendered, and if final judgment be rendered without this formality, it carries with it a vice or a defect for which it may be annulled.

But altho' the husband must in all cases, unless he refuses, and then the Judge, authorise the wife to *sue* and be *sued,* yet the husband has no right to *appear and file an answer* for the wife without her consent, where she lives separately in property, and is sued jointly with her husband.

This is an action of nullity to annul and set aside a judgment of the District Court, rendered against the present plaintiff, for alledged defects in service of citation and appearance by her husband, and filing answer for her without her consent or authority—and for various other defects and informalities. It commences by injunction against Hathern's judgment.

On the 29 of August 1826, D. K. Markham, attorney at law, and Anne Dugat, widow of the late Marin Martin, of the Parish of Lafayette, signed articles of marriage contract, stipulating that no community of property should exist, and that each one should administer their own effects, separately and independently of each other. The second article provided as follows. viz:

The future wife, in consequence of her having reserved to herself the sole administration of her property, *is to support the entire charges of matrimony.*

The marriage between the contracting spouses was consummated the same day, and they both went to reside on the plantation of the wife in the Parish of Lafayette. In the Summer of 1828, while the crop was in cultivation (the husband Markham superintending the hands and working with them) the negroes rebelled against his authority, and were encouraged and instigated to do so, by the wife's children, who had become exceedingly hostile to Markham. Until then, it appears he had lived in harmony with his wife. But the disaffection in the family soon extended to the wife, and on the 20th of August 1828, Markham was compelled to leave the plantation. He went into the village, commenced boarding with Wm. Hathern, who kept a tavern, and resumed his profession. The wife ever afterwards refused to live with him. On the 20th April 1829, Markham regularly advertised his domicil in the Parish of St. Landry, and took up his residence in the town of Opelousas; boarded at a public tavern and rented a small house for a law-office. He made various overtures to his wife, to bring about a reconciliation and invited her to follow him and reside at his new domicil. She declined all.

Wm. Hathern instituted suit against Markham and *wife,* in the parish of St. Landry, at the May term 1829 for the amount of Markham's boarding account and tavern bill, amounting to $305. 50, while living with him, and obtained

judgment against *both* for $263. 75 with interest and cost. The petition prayed that Markham and *wife* be both *cited* to appear and be condemned *jointly* and severally to pay the amount of the claim. Citation were left at Markhams' new domicil in Opelousas for himself and *wife.*— Markham appeared and answered in Court to the petition for himself and *wife.* Both were sued as residents of the Parish of St. Landry, when in fact the wife never left her residence in the Parish of Lafayette. The wife was made liable for the debt of the husband under the clause of the marriage contract, by which she binds herself to *support the entire charges* of *matrimony.*

A *fi fa* issued on this Judgment and was levied on the property of Mrs. Markham (Anne Dugat) in the Parish of Lafayette, who on the 5th of September 1829, presented her petition and obtained an injunction against the execution staying any further proceedings thereon.

She alledges that she has never been *legally cited* and was not bound to appear and answer to the judgment of Hathern; that altho' her husband had removed to another Parish she was not bound to follow him, because he had not provided a suitable domicil for her. She denies that her husband had any authority to *appear* and *answer* for her to the suit of Hathern—that not being legally *cited* she consequently had no legal notice of the suit, and judgment could not be legally given against her.

She further alleges, she is not bound under the 2d clause of the marriage contract, in which she engages to support *all the charges of matrimony,* to pay *all* such debts as her husband may contract; but only to an amount not exceeding *her annual income* from her property; and invokes the protection of the laws against any sum beyond this. She prays that Hathern and Markham be cited, and that the judgment rendered against her and her husband be *annulled and set aside,* and the decree annulling the same be rendered

contradictorily with her husband, who had no authority to appear and answer for her.    She further prays that the amount she is to pay for the charges of matrimony be definitively fixed, to serve as a rule and guide to her hereafter.

Markham and Hathern appeared and filed separate exceptions to the plaintiff's petition.

D. K. Markham excepts and prays the petition may be *abated*.

1. That there is no law permitting a married woman to bring such an action as this, against her husband.

2. That Wm. Hathern is illegally joined with him, which deprives him of Hathern's testimony, whose interest is adverse to his.

3. The petition and citation do not set forth the domicile of this defendant.

4. That plaintiff has falsely set forth her own place of domicil, it being in the Parish of St. Landry and not Lafayette.

5. That the plaintiff has not set out a sufficient cause of action.

6. The petition does not state the place of residence or where defendant lives.

7. The petition does not contain a clear and precise statement of the object of demand, or such demand as a married woman may make judicially upon her husband.

*Hathern*, excepted—1. That his domicil is in a different parish from the one in which the suit is brought.

2. That he is a judgment creditor of plaintiff and she has shown no legal cause to have his judgment annulled.

3. That the plaintiff has improperly joined in this suit, causes of action which are separate and distinct, by making her husband his co-defendant in this suit, whose interest is opposed to his.

4. That his judgment against the present plaintiff, remains unappealed from, unanswered, and definitive, and forms *res judicata*.

The District Court by its judgment sustained the forego_ing exceptions—dissolved the injunction and gave judgment against the plaintiff for all the costs of suit.

*Simon* for plaintiff.   The judgment of Hathern ought to be annulled, and the injunction made perpetual.

1. Because Markham had no authority to appear and file an answer for his wife.

2. There is a stipulation in the marriage contract by which the spouses are to live separated in property—each administering his own : but the wife paying the *charges of matrimony* : so that Hathern's claim arises out of the wife's obligation, and relates to her separate interest over which the husband has no control ; it being only necessary to sue him with her to enable her to defend.   Code of Prac. Art. 118.

3. The right of the husband to appear and defend for the wife, is only given when her property is *under his administration.*   In this case her interest is in direct opposition to his— the act of her husband gave rise to the claim set up against her; in which she has not only to contend against the creditor, but against her husband, and to dispute the act of her husband for which she is sought to be made liable.   Code of Prac. Art : 107,

4. No judgment having been taken by default, and no legal appearance made by the defendant, she ought not to be bound by it.   It should be annulled.

*Lewis & Brownson* for Markham.   The plaintiff's claim for damages cannot be sustained, because in the suit against Markham and wife, the husband alone had the right to defend. Code of Prac. 106—7—8. 118.   Louisa. Code 126.

2. If the property of the wife be dotal as set forth by her, in that case, her husband alone had the right to appear for her in the suit.   La. Code. 2330.

3. D. K. Markham being an Attorney at Law, his authority to appear for his wife will be presumed.   8 Mar. N. S.. 232.

E

4. The wife being notified by her husband that he had appeared and answered for her—her silence will be construed as tacitly consenting to it: and the decision of the Court refusing Markham to withdraw the answer, forms *res judicata*, being unappealed from.

5. The prayer for the Court to apportion her revenues and say *how far* she is to be bound to support the charges of matrimony cannot be enquired into here, the original judgment not being appealed from.

6. The correctness of a judicial decision can only be enquired into by—1. Appeal. 2. Direct action of nullity against the judgment creditor. 3. By recision.

*Bowen* for Hathern. The judgment is regular—having been obtained against Markham and wife *in solido,* who were both sued in the Parish to which the husband had changed his domicil according to law—the domicil of the husband being that of the wife. La. Code. 42, 43, 44, 48, 122. Code of Pr. Art. 162.

2. Appearance and pleading to the merits, cure all defects and waive a plea to the jurisdiction. 1. Mar. N. S. 201. 1 Toul. 88, No. 103. 105.

3. The husband is authorised by law, to appear and put in a plea or answer for his wife. La. Code. 2330. Code of Pr. 104. 107.

4. As to Hathern the plaintiff cannot maintain this suit, because she and Markham are condemned *in solido,* each one for the whole debt—and this judgment is in force, unappealed from, therefore it forms *res judicata,* between the parties.

5. This suit is neither an *appeal* from Hathern's judgment, nor an *action of nullity* for any of the causes known to the law—consequently it cannot be maintained. Code of Pr. Art. 605.

*Mathews J.* delivered the opinion of the Court.

In this case the plaintiff instituted her action to cause a judgment to be annulled, which had previously been obtained

against her by the defendant Hathern : and to stay proceedings on an execution which had been awarded on said judgment. The Court below gave judgment against her from which she appealed &c.

The material facts exhibited by the record are as follows: previous to the intermarriage of Markham and the plaintiff, they entered into a contract in which amongst other things it was stipulated that there should exist a separation of property between the contracting parties : the future wife taking on herself to support *entirely* the necessary expenses of their household. They lived in harmony for some time, but in consequence of the interference of her children of a former marriage, she was induced to treat her husband in such a manner as to render it impossible for him longer to remain in her house. In truth she seems to have turned him out, to shift for himself. Under these circumstances he went to board with the defendant Hathern, who was plaintiff, in the original suit (wherein he obtained the judgment now complained of) both against the husband and wife *in solido.*

Before the commencement of that action Markham had established his domicile in the Parish of St. Landry—his wife still residing in that of Lafayette. The service of citations both on the husband and wife were made at the domicile of the former ; and he filed an answer for *himself,* and one for his *wife* separately.

The first question of Law arising out of these facts relates to the legality of the *service* of citation on the wife, and depends for its solution on her domicile. When married persons are not separated from bed and board, the domicile of the wife, is by law that of the husband—See La. Code Art. 48.

The course of legal proceedings, as prescribed by the Code of Practice, requires, that against a defendant who has been properly cited and does not answer within the delays allowed, a judgment by default must be taken before any final judgment can be rendered. And if final judgment be

In all cases when the husband and wife is not separated from *bed and board,* in law, the domicil of the wife is to be considered as that of her husband, and service of citation is good as to the wife, when left at the domicil of the husband, although she resides in a different Parish, when they are sued jointly.
Where no answer

Western District.
September, 1830.

Dugat
*vs*
Markham &al.

————————

has been filed, a judgment by default must be taken before any final judgment can be rendered, and if final judgment be rendered without this formality it carries with it a vice or defect for which it may be annulled.

But although the husband must in all cases, unless he refuses, & then the Judge authorise the wife to *sue* and be *sued*, yet the husband has no right to *appear* & *file an answer* for the wife without her consent, where she lives separate in property, and is sued jointly with her husband.

rendered without this formality, it carries with it a vice or defect for which it may be annulled—See Code of Practice. Art. 606—No. 4.

A second question occurs in this case, and that is to ascertain whether any answer was filed, legally binding on Mrs. Markham, in the case of Hathern against her and her husband ?

In that suit the plaintiff attempted to make her liable for the board of her husband, under the stipulation in the marriage contract by which she undertook to defray the matrimonial expenses. It is in reality a suit, against a married woman for a cause of action relative to her own separate interest, considered in relation to the wife in the present instance : and was properly brought both against her and her husband, who was bound to authorise, and assist her in defending it—See Code of Practice. Art. 118.

But she must be viewed in this respect as a distinct and separate defendant, who could only appear and answer by herself, or some person duly authorised by her for that purpose, so as to be concluded by such answer. The husband tho' bound to authorise his wife to defend, and to assist her in her defence, cannot, in his capacity as such, assume the whole management of the cause in such a manner as to bind the wife, without her authorisation. If Markham had appeared in his capacity of attorney at law, and no objections made at the time of answering, or before final judgment; the plaintiff, in this suit of nullity and injunction, would possibly have been stopped from alleging want of authority, &c.

As husband, the same effect does not attach to his act in answering for her, as that was not a duty imposed on him, by law or as attorney for his wife.

It is however strenuously urged by the counsel for Hathern that Markham, in consequence of his capacity as husband, has complete control over the personal and possessory actions of his wife, and in support of this doctrine, the article 107 of the Code of Practice is relied on, which is ex-

pressed in these terms : "Husbands have under their control the personal and possessory actions to which their wives are intitled &c : therefore they can proceed judicially, and in their own name, in whatever relates to the preservation of their dotal property &c., as well as to the recovery of the debts due them, *these* being under their administration." In the French text—"*qui tombent sous leur administration.*"

According to the whole context of this article, we think that it relates solely to those claims and rights of action belonging to a wife, of which the husband has the sole management arising either out of matters appertaining to the dowry or paraphernal property, which he administers either by express or tacit consent on her part. In situations where separations of goods exist as in the present, the fair presumption is that each one of the married persons administers his or her separate property; and altho' a wife, not separated from *bed* and *board*, can in no case appear in a Court of Justice without the authorisation of her husband, or that of some competent power, on his refusal; yet when she does appear, either as plaintiff or defendant, she may prosecute or defend according to the dictates of her own judgment in matters relating exclusively to her own interest. And her husband is not privileged *de jure* to assume the sole and exclusive management of her suits either as plaintiff or defendant. To authorise and assist, are functions distinct from absolute control. The present instance shows that cases may arise in which the interest of the husband and wife may be opposed to each other.

This suit is founded on a debt contracted by the husband in which the plaintiff attempts to make the wife liable.— Their interests are opposed, and he surely cannot be viewed as a proper person to defend her.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be reversed, avoided and annulled ; and it is further ordered, adjudged and decreed

that the injunction heretofore granted be reinstated and made perpetual : and the judgment of Hathern against the plaintiff and appellant be declared null and void—reserving to the defendant and appellee Hathern, his right to pursue the appellant in legal form, for the recovery of the sums of money claimed by him from her as being bound to pay for the board and expenses occasioned by her husband &c. the appellee Hathern to pay the cost of this appeal.