## No. 380.

### JOHN C. MORTON v. JAMES G. COPELAND.

Where the plaintiff brought suit in his own name· on a promissory note drawn payable to his wife or bearer, and which was executed by defendant for the price of certain lands purchased by him from the wife, the same being her paraphernal property, and where it was contended on the part of the defendant that the facts in the case showed that the plaintiff did not have the administration of the wife's property; and it was contended, on the other part, that this was not a real action, and that by article 107 of the Code of Practice the plaintiff in this case had the right to sue for the debt due his wife;

Held—That the ground assumed by plaintiff is correct, and that the fact that the husband brought the suit would seem to imply that he was administering the wife's paraphernal property.

The defense set up that there is defect in the title to the land forming the consideration of the note sued upon can not be admitted, inasmuch as defendant does not allege in his answer, or show by testimony, that he has ever been threatened with eviction, or that he has ever been disturbed in his possession.

APPEAL from the Eleventh Judicial District Court, parish of Claiborne. *Trimble, J. Egan & Hayes,* for plaintiff and appellee. *J. & J. W. Young,* for defendant and appellant.

TALIAFERRO, J. The plaintiff brings this suit in his own name on a promissory note drawn payable to his wife or bearer, and which was

executed by defendant for the price of certain lands purchased by him from the wife, the same being her paraphernal property. The plaintiff's right to institute this action was excepted to on the ground that the law does not confer upon the husband the personal actions of the wife growing out of her paraphernal property, unless he has the sole administration of her property, and article 107 of the Code of Practice is referred to, and in connection with it the case of Dugat v. Markham, 2 La. 29, and that of Cowand v. Pully, 9 An. p. 12. It is contended on the part of the defendant that the facts in this case show that the plaintiff did not have the administration of the wife's paraphernal property.

On the other hand, it is held that this is not a real action, and that by article 107 of the Code of Practice the plaintiff in this case has the right to sue for the debt due the wife.

We think the ground assumed by the plaintiff correct. The fact that the husband brought the suit would seem to imply that he was administering the wife's paraphernal property.

The defendant sets up defect in the title to the land forming the consideration of the note sued upon, yet he does not allege in his answer, or show by testimony, that he has ever been threatened with eviction or that he has ever been disturbed in his possession. He states in his own testimony, on cross-examination, that no one has brought suit against him for the property.

The judgment of the lower court was in favor of the plaintiff, and we see no reason to alter it.

It is therefore ordered that the judgment of the district court be affirmed with costs.