———————o———————

No. 3999.

(Court of Appeal, Parish of Orleans.)

## MRS. MARY A. GRAY AND REUBEN F. GRAY, HER HUSBAND TO AUTHORIZE HER, vs. D. C. CLAYTON AND W. W. RYDER.

1. When the wife, who is plaintiff in a proceeding for a pro-

visional seizure, alleges in her petition that she is authorized, joined and assisted by her husband, and it appears that the husband has signed with his wife the affidavit required for obtaining said writ, which is attached to and made a part of the petition, held, this is sufficient evidence of authorization.

2. The property leased being paraphernal and the wife retaining the administration thereof, she possesses the legal capacity to sue.

Appeal from Civil District Court, Division A.

R. J. Maloney, for plaintiff and appellee.

Geo. J. Untereiner and A. E. Hebert, for defendant and appellant.

Charles Rosen, for intervenor.

ESTOPINAL, J. This is a suit for provisional seizure on a contract of lease.

Plaintiff avers that Mrs. D. C. Clayton, a femme sole, and W. W. Ryder, are indebted to her in solido, in the sum of five hundred and forty-four dollars ($544.00), for rental of premises No. 1132 St. Charles street, of which plaintiff alleges she is the owner. That the said property was leased to Mrs. Clayton at a monthly rental of forty-five dollars ($45.00), payable monthly in advance. That the first of the twelve rent notes given by defendant was made payable on the 1st of October, 1905, and the others maturing and payable on the first of each and every succeeding month thereafter; that defendants failed to pay the rent note maturing on November 1, 1905, and in view of the terms of the lease, making all the notes due and exigible for the non-payment of any one of them, plaintiff institutes this proceeding for the recovery of the entire year's rental, attorney's fees, etc.

After making the proper allegations plaintiff prays for the issuance of a provisional seizure, and she is joined in the requisite affidavit by her husband, who signed the same with her.

An intervention was filed by the Home Supply Company, alleging a privilege on the furniture seized, which intervention was ignored by the lower Court, and no appeal having been taken by intervenors, their claim is not before us for review. The case on its merits was determined by a jury.

Defendant moved to dissolve the provisional seizure on the ground:

1st. That plaintiff was without capacity to bring the suit and stand in judgment.

2nd. That plaintiff instituted the suit without the legal authorization of her husband.

3rd. Because the facts contained in the petition and affidavit for provisional seizure, are untrue.

In passing upon the motion to dissolve the seizure, our esteemed brother of the District Court, adopted views with which we are in entire accord.

It appears to us that the ground secondly urged by defendant, to wit: "That the plaintiff was without legal right to institute the suit for want of authorization by her husband," is, on the face of the record as we find it, merely technical and possesses no merit.

The petition recites that "Mrs. Mary A. Gray, a resident, etc., etc., herein aided, authorized and assisted by her husband, Reuben F. Gray, represents, etc."

True, the usual formal authorization is not recited at the end of the petition, and signed by the husband, but we find that the wife, plaintiff, has been joined by her husband in an affidavit for a writ of provisional seizure, and that said affidavit is attached to and forms a part of the original petition, which avers, as stated above, that the plaintiff is aided and authorized by her husband.

We do not understand that there is but one way, and that, the usual stereotyped one, indicating the husband's authorization for his wife to sue.

In Lewis vs. Winston 26 A. p. 707, the Court held:

"That where the husband in an injunction suit has signed the bond with the wife, it is sufficient evidence of authorization."

In passing upon the averment of defendant's rule "that the facts alleged are false," the lower Court properly ruled that this presented issues of fact and referred same to the trial on the merits.

On the exception by defendant to the capacity of plaintiff to sue, the lower Court, though of the opinion that the case, as originally presented in plaintiff's petition, indicated her right to sue in her own name, was not satisfied that this was

made sufficiently clear, and in order to cure the proceedings of any doubtful condition and in the interest of justice and fairness to the parties litigant, ordered plaintiff to file an amended petition, granting ten days to plaintiff to amend. Plaintiff in due time amended, which amendment carried with it a judgment dismissing rule to dissolve.

In discussing the question of the capacity of plaintiff to sue, our learned brother of the Court a qua, in part said:

"The capacity of the plaintiff wife to sue is excepted to. The plaintiff wife alleges that she is the owner of the property, and that she leased to the defendant lessee, and the suit is for rent alleged to be due, under said lease, to her."

"If the wife owned the property, i. e., if it is paraphernal, *and she had the administration* which is indicated by the allegations that she leased it, and that the rent is due to her, she would have the right to sue, because the husband sues in her name, in cases like this, only when he has the administration of the wife's paraphernal property. C. P. 107 as construed in Dugat vs. Markham 2 La. 37, and Cowand vs. Pulley 9 A. p. 13; Cross on Pleadings p. 27—and 2386."

We are of opinion that this was sufficient to show the wife's capacity to sue, but the Court below wisely ordered the amendment which tends to show beyond question, the legal capacity of the plaintiff to sue.

Defendant in her answer admits leasing the premises described and for the rental and conditions named in plaintiff's petition, but avers that the writ of provisional seizure could not legally issue, because the time for which the rent was claimed to be due had not elapsed, plaintiff having granted defendant time until the 13th of November; that in consequence of the suit and seizure by plaintiff before the 13th of November, to wit: on the 8th of said month, defendant could not pay the rental.

Assuming the position of plaintiff in reconvention, defendant alleges that the suit and provisional seizure thereunder was a wilful and malicious violation of her rights, etc., etc., and that she has been damaged in the sum of three thousand five hundred dollars ($3,500.00).

The verdict of the jury was for plaintiff and against defendant.

A careful reading of the testimony convinces us that the

finding of the jury does absolute justice to the parties litigant. The testimony of the defendant herself leads us to the conclusion that the plaintiff did not, as averred by the former, agree to extend the time, but on the contrary, exacted payment of the rent when due and refused, defendant testifies, to accept fifteen dollars ($15.00) on account.

We discover no error in the verdict of the jury, and the judgment of the Court, and it is hereby affirmed.

November 5, 1906.

Rehearing refused January 28, 1907.

Writ refused by Supreme Court, March 6, 1907.